ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL 14 PM 3: 23

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| GREGORY BERNARD CONEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 310-050 |
| ) | (Formerly CR 305-001) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Bernard Coney, an inmate presently confined at U.S.P. Big Sandy in Inez, Kentucky, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

I. **BACKGROUND**

On January 6, 2005, a federal grand jury indicted Petitioner on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Coney, CR 305-001, doc. no. 1 (S.D. Ga. Jan. 6, 2005) (hereinafter "CR 305-001"). The indictment further charged that Petitioner had previously been convicted of at least three felony offenses, each of which was either a serious drug offense or a violent felony within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); the following convictions from the Superior Court of Laurens County were identified in the indictment: (1) a 1995 conviction on two counts of aggravated assault;

(2) a 1998 conviction for felony obstruction of a law enforcement officer; and (3) a 2003 conviction of possession with the intent to distribute cocaine. Id.

Petitioner pled guilty to the sole charge in the indictment pursuant to a written plea agreement. Id., doc. nos. 28, 29. Following the acceptance of Petitioner's guilty plea, the United States Probation Office prepared a presentence investigation report ("PSI"). Because of the three prior felony convictions set forth above, Petitioner was determined to be an armed career criminal pursuant to the ACCA, which elevated his base offense level to 33. PSI ¶ 22. The Probation Officer recommended a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 30. Id. ¶¶ 20, 23-24. The PSI also provided that Petitioner's past convictions yielded a total of 10 criminal history points, which required assignment to criminal history category V. Id. ¶¶ 25-35. Petitioner's total offense level and criminal history category yielded an advisory guidelines sentencing range of 151 to 188 months, which was restricted to a range of 180 to 188 months by the 15-year mandatory minimum sentence for armed career criminals under the ACCA. Id. ¶¶ 55-56. Petitioner did not object to the PSI. Id., addendum.

On November 30, 2005, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to a 180-month term of imprisonment – the mandatory minimum under the ACCA. CR 305-001, doc. no. 52. Petitioner did not file a direct appeal.[1]

On June 7, 2010, Petitioner filed the instant § 2255 motion, in which he asserts the

---

[1] In September of 2008, Petitioner filed a "Motion for an Order to Reopen Criminal Case Under Writ of Audita Querela Pursuant to 28 U.S.C. § 1651." CR 305-001, doc. no. 36.) In Judge Bowen's Order denying this motion, he noted that relief under § 2255 would likely be unavailable due to the expiration of the statute of limitations. Id., doc. no. 38, p. 2 & n.1; see also id., doc. no. 42, p. 2 & n.1 (denying motion for reconsideration of previous Order denying motion for writ of *audita querela* and noting that the statute of limitations for Petitioner to file a § 2255 motion expired in 2006).

2

following claims for relief:

(1) his sentence was improperly enhanced under the ACCA because his 1997 felony conviction for obstruction of a law enforcement officer is not a "violent felony" within the meaning of the ACCA;

(2) the one-year statute of limitations applicable to § 2255 motions should not apply because it is "fundamentally unfair" in that it applies to inmates such as Petitioner who are illiterate and suffer from mental "incompetency"; and

(3) "[t]he AEDPA and the [Prisoner Litigation Reform Act ("PLRA")] are congressional black codes expressly designed to disenfranchise negroes' First Amendment rights."

(Doc. no. 1, pp. 5-11.) Respondent contends in his response that the claim in Ground One is procedurally defaulted and lacks merit; Respondent further asserts that Ground Two is without merit and that Ground Three is untimely. (See genrally doc. no. 5.) Petitioner has filed a reply to Respondent's response. (Doc. no. 6.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. Timeliness of Petitioner's Claims

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final on or about December 10, 2005, ten days after judgment was entered. See Fed. R. App. P. 4(b)(1).[2]

### 1. Ground One

Petitioner argues that his claim in Ground One is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in United States v. Johnson, which concerned the portion of the ACCA's definition of "violent felony" set forth in 15 U.S.C. § 924(e)(2)(B)(i). See 559 U.S. ___, 130 S. Ct. 1265, 1271-72 (2010) (holding that the Florida felony offense of battery by actually and intentionally touching a person under Fla. Stat. § 784.03(1)(a) is not a "violent felony"). The government agrees, conceding that claim is timely because Johnson involved the recognition of a new right that is retroactively applicable to cases on collateral review. (See doc. no. 5, pp. 5-6.)

### 2. Grounds Two and Three

Unlike Ground One, the government argues that the claim set forth in Ground Three, which has nothing to do with Johnson, is untimely. (Id. at 8.) As noted above, Petitioner contends in Ground Three that the "AEDPA and the PLRA are congressional black codes expressly designed to disenfranchise negroes' First Amendment rights." (Doc. no. 1, pp. 7-8.)

---

[2] Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

4

Petitioner appears to argue that these laws are unconstitutional because they focus exclusively on the prison population, which is disproportionally composed of African Americans. (See id.) It is highly questionable that Petitioner can bring this sort of stand-alone facial challenge to the constitutionality of federal statutes in a § 2255 motion. However, the Court need not reach that issue, since the claim is clearly untimely, as the government argues. Unlike the claim in Ground One, Ground Three does not involve conditions that would qualify it for any of the alternate limitations periods set forth in § 2255(f)(2) – (4). Accordingly, as to Ground Three, the one year statute of limitations began to run from the date his judgment of conviction became final in December of 2005. 28 U.S.C. § 2255(f). Because the instant motion was filed in June of 2010, the claim in Ground Three is untimely unless one of the exceptions to the statute of limitations applies.

One such possible exception is equitable tolling, which the Eleventh Circuit has held may apply in the context of a § 2255 motion. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must

5

establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In Ground Two of the instant motion, Petitioner argues that the AEDPA's statute of limitations should not apply because of his mental incompetence and illiteracy. (See doc. no. 1, pp. 3, 6; see also doc. no. 8 ("John Doe Affidavit" submitted by inmate that has drafted documents for Petitioner, attesting that Petitioner lacks "competency" to write and understand legal documents).) Because the gravamen of this contention is that these characteristics amount to "exceptional circumstances" that warrant excusing Petitioner from the AEDPA's statutory deadline, the Court construes Ground Two as an argument for equitable tolling rather than any sort of stand-alone claim for habeas corpus relief.[3]

Notably, however, illiteracy and difficulties with language do not amount to the type of "extraordinary circumstances" a petitioner must show to receive the benefit of equitable tolling. See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (rejecting argument that habeas limitation period should be tolled because of petitioner's "difficulties with the English language"); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (finding that illiteracy during the applicable filing period does not merit equitable tolling); see also Malone v. Oklahoma, 100 F. App'x 795, 797-798 (10th Cir. 2004) (finding that ignorance of

---

[3]Much of Ground Two consists of a generic discussion of statistics suggesting that the prison population generally suffers from deficiencies in the areas of literacy and education. (See doc. no. 1, p. 7.) It also contains an assertion regarding the Americans with Disabilities Act, without any explanation of how that act relates to Petitioner's § 2255 claims. (Id.) These matters are irrelevant and have no bearing on the Court's resolution of Petitioner's motion; as such, they do not warrant further discussion.

6

the law, lack of legal assistance, and illiteracy did not warrant equitable tolling).[4] Furthermore, mental incapacity does not warrant equitable tolling unless a petitioner "can establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd, Lawrence, 549 U.S. 327 (2007). Here, Petitioner has alleged that he is "incompetent and semi-illiterate" (see doc. no. 1, p. 6), but he has not shown how his mental incapacity prevented him from filing his petition in a timely manner. Therefore, Petitioner's assertion of "incompetency" is insufficient under Eleventh Circuit law to qualify for equitable tolling. Id. (holding that a "contention [of mental impairment], without more, is insufficient to justify equitable tolling"). Accordingly, the Court concludes that Petitioner has failed to establish a valid basis for equitably tolling the AEDPA's one-year statute of limitations regarding Ground Three of his motion.

Additionally, consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't

---

[4]Also of note is the fact that Petitioner has proved himself able to secure the legal assistance of other inmates, with whose help he has submitted numerous *pro se* filings in this case as well as in his criminal proceedings. (See, e.g., doc. nos. 1, 2, 3, 6; CR 305-001, doc. nos. 36, 39.) Though these filings may have ultimately proved unsuccessful, they evince Petitioner's capacity to access the courts and to adequately present the merits of his claims for postconviction relief. Thus, Petitioner's ability to effectively submit these filings belies his allegation that difficulties with reading and writing prevented him from filing for relief during the limitation period. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.")

of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)). Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, the actual innocence exception does not save his claim in Ground Three from being time-barred under the AEDPA.

In sum, the Court finds that Ground Three of the instant motion is untimely, and further concludes that Ground Two is an unsuccessful argument for equitable tolling rather than an independent claim for postconviction relief. Therefore, the Court will proceed to determine if Petitioner is entitled to relief on Ground One of his § 2255 motion.

### B. Petitioner Is Not Entitled to Relief on Ground One

#### 1. The Claim Set Forth in Ground One Is Procedurally Defaulted

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn

8

v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray, 477 U.S. at 496).

Here, as the government points out, Petitioner could have raised his Ground One claim that his sentence was improperly enhanced under the ACCA on appeal[5]; the claim was available on direct appeal, as its merits were reviewable without further factual development. See Mills, 36 F.3d at 1055. Therefore, this claim is not cognizable unless Petitioner can overcome the procedural bar.

Petitioner's reliance on the recent Supreme Court decision in Johnson, discussed *supra*, does not necessarily mean that he can show cause for his default. To establish cause premised on a recent legal development, Petitioner must demonstrate that his claim is "so novel that its legal basis is not reasonably available to counsel." Bousley . v. United States, 523 U.S. 614, 622 (1998). "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." Smith v. Murray, 477 U.S. 527, 537 (1986). With regard to Petitioner's Ground One claim, the fact that Johnson had not been issued at the time he might have

---

[5]Indeed, the ACCA claim at issue in Johnson was originally raised on direct appeal. 130 S. Ct. at 1269.

appealed his sentence does not constitute cause to excuse his default because the legal basis for the claim – that a prior offense does not count as a violent felony for ACCA purposes – was reasonably available at that time. See, e.g., United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996) (ruling on appeal of sentence enhanced under ACCA in which appellant claimed that prior conviction should not count as a violent felony); see also United States v. Coley, 336 F. App'x 933, 936 (11th Cir. 2009) (*per curiam*) (finding claim alleging sentencing error was procedurally defaulted irrespective of the fact that it relied on Supreme Court cases not yet decided at the time of appeal).

Likewise, Petitioner has offered nothing that suggests his claim in Ground One qualifies for the "actual innocence" exception to the procedural bar. See Montano, 398 F.3d at 1280. The claim is not constitutional in nature, and, as discussed below, Petitioner has failed to show any error in his ACCA sentence enhancement. Accordingly, Petitioner's claim in Ground One is procedurally defaulted, and for that reason alone he cannot obtain relief on that claim.

### 2.     Ground One Lacks Merit

Even if Petitioner's claim in Ground One were not procedurally defaulted, he would not be entitled to relief because the claim lacks merit. Petitioner's reliance on Johnson is misplaced. In Johnson, the Supreme Court held that the defendant's prior Florida felony battery offense was not a "violent felony" as defined in the ACCA. 130 S. Ct. at 1271-72. The court noted that under the portion of the ACCA's definition of "violent felony" at issue, the prior offense must have "as an element the use[, attempted use, or threatened use] of physical force against the person or property of another." Id. at 1271 (quoting 18 U.S.C. §

10

924(e)(2)(B)(i)). Furthermore, the court clarified that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Id. Because the operative element of the Florida battery statute in question required only "actually and intentionally touching" – a requirement satisfied by the slightest touch – the court held that it did not qualify as a "violent felony" for ACCA purposes. Id. at 1269-72.

Here, in contrast, the prior offense that Petitioner asserts should not count as a violent felony is a conviction for felony obstruction of a law enforcement officer.[6] Georgia's felony obstruction of law enforcement officer statute provides that:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties <u>by offering or doing violence to the person of such officer</u> . . . is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

O.C.G.A. § 16-10-24(b) (emphasis added). The plain language of this statute shows that it has as an element the use or attempted use of violent force against another person, which categorically qualifies it as a "violent felony" for ACCA purposes. See Sykes v. United States, ___ U.S. ___, 180 L. Ed. 2d 60, 69 (2011) (explaining that proper method for determining whether an offense is a "counts" for ACCA purposes is to employ a categorical approach by determining whether the elements of the prior offense place it within the ACCA's definition of violent felony). Therefore, even if his ACCA claim were not procedurally

---

[6]The Court is mindful that Georgia has separate misdemeanor and felony versions of the crime of obstructing a law enforcement officer. See O.C.G.A. §§ 16-10-24(a) (misdemeanor) & 16-10-24(b) (felony). The PSI makes clear that Petitioner was convicted for the felony version of the offense. PSI ¶ 30. Petitioner's conviction documents from his prior offense, which he submitted in conjunction with his § 2255 motion, also indicate that he was convicted for the felony version of the offense. (See doc. no. 1, pp. 13-17.)

11

defaulted, Petitioner would not be entitled to relief on Ground One of his § 2255 motion.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the instant § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED on this 14th day of July, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE